NO. 07-01-0270-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 7, 2002


______________________________



2000 CHEVROLET PICKUP


VIN 1GCEK14V2YZ346988,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 01-04-18381; HON. ANDY KUPPER, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Justin Cleveland (Justin) and G.W. Cleveland (G.W.) appeal from a default
judgment forfeiting a white 2000 Chevrolet pickup, VIN 1GCEK14V2YZ346988. The sole
point of error involved whether G.W. was properly served with citation or notification of the
forfeiture proceeding. Because he was not, the judgment was defective and subject to
reversal, the appellants concluded. We affirm the judgment.

 Statute provides that certified copies of the State's notice of seizure and intent to
forfeit the property be served upon the owner of the property and "any interest holder." 
Tex. Code Crim. Proc. Ann. art. 59.04(b)(1)&(2) (Vernon Supp. 2002). G.W. claimed to
be an "interest holder" and, therefore, entitled to notice. Yet, he cited us to no evidence
of record supporting his contention. (2) Nor did our review of the record uncover any. On
the other hand, we found that G.W. 1) went unnamed as a party in the notice of seizure
and intent to forfeit, 2) did not intervene in the litigation, 3) did not file a motion for new trial
claiming entitlement to notice or presenting evidence of his status as an interest holder,
and 3) made no appearance in the action until he accompanied Justin in the notice of
appeal. Simply put, without evidence indicating G.W. either was a party to the action or
had an interest in the property, we cannot hold that he was entitled to notice under
§59.04(b) of the Code of Criminal Procedure or denied that right. 

 Accordingly, we affirm the default judgment. 


 Brian Quinn

 Justice



Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. His unsworn statement in the appellants' brief that he was an interest holder and had an equitable
interest in the vehicle does not fill the void. This is so because statements appearing in an appellate brief
are not evidence. See Goode v. Shoukfeh, 915 S.W.2d 666, 671 (Tex. App.--Amarillo 1996), aff'd, 943
S.W.2d 441 (Tex. 1997) (holding that unsworn statements of fact in an appellate brief are not evidence).